UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELISSA JOY PERNA,

    Plaintiff,

    v.

SF COUNTY JAIL #2,

    Defendant.

Case No. 14-cv-05215-JD

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. She has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**I.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.     LEGAL CLAIMS

Plaintiff challenges many conditions concerning her confinement in San Francisco County Jail.  When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'"  *Id*. (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)).

Plaintiff states that she has no access to religious services, to phones, stationary and postage, or recreation.  She states she has missed meals, been bullied, the lights are kept on, and she has not been able to file any appeals.  Other than listing these grievances, plaintiff provides no additional details and has not identified how the specific defendants have violated her constitutional rights.  The complaint will be dismissed with leave to amend to provide more information and identify the actions of specific named defendants.

## CONCLUSION

1.      The complaint is **DISMISSED** with leave to amend.  The amended complaint must

1 be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption
2 and civil case number used in this order and the words AMENDED COMPLAINT on the first
3 page. Because an amended complaint completely replaces the original complaint, plaintiff must
4 include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th
5 Cir. 1992). She may not incorporate material from the original complaint by reference. Failure to
6 amend within the designated time will result in the dismissal of this case.

7     2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
8 Court informed of any change of address by filing a separate paper with the clerk headed "Notice
9 of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to
10 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
11 Civil Procedure 41(b).

12     **IT IS SO ORDERED.**

13 Dated: March 9, 2015

_____
James Donato
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA JOY PERNA,<br><br>Plaintiff,<br><br>v.<br><br>SF COUNTY JAIL #2,<br><br>Defendant. | Case No.   14-cv-05215-JD<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 3/9/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Melissa Joy Perna
#1467851
c/o Prisoner Legal Services
555 Seventh Street, Rm 201
SF, CA 94103

Dated: 3/9/2015

Richard W. Wieking
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4