UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA JOY PERNA,<br>    Plaintiff,<br>    v.<br>SF COUNTY JAIL #2,<br>    Defendant. | Case No. 14-cv-05215-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a detainee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### I.  STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1  cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above
2  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
3  omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its
4  face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face"
5  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
6  must be supported by factual allegations. When there are well-pleaded factual allegations, a court
7  should assume their veracity and then determine whether they plausibly give rise to an entitlement
8  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by
   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was
   committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   LEGAL CLAIMS

   Plaintiff challenges many conditions concerning her confinement in San Francisco County Jail. When a pretrial detainee challenges conditions of her confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)).

   A court presented with a procedural due process claim by a pretrial detainee should first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court then must determine what process is due. *See*, *e.g., Bell*, 441 U.S. at 537-38 (discussing tests traditionally applied to determine whether governmental acts are punitive in nature). Disciplinary segregation as punishment for violation of jail rules and regulations, for example, cannot be imposed without due process, i.e., without complying with the procedural requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Mitchell v. Dupnik*, 75 F.3d 517,

1   523-26 (9th Cir. 1996).

2       If the alleged deprivation does not amount to punishment, a pretrial detainee's due process claim is not analyzed under *Sandin v. Conner*, 515 U.S. 474 (1995), which applies to convicted prisoners, but rather under the law as it was before *Sandin*. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1041 n.3 (9th Cir. 2002). The proper test to determine whether detainees have a liberty interest is that set out in *Hewitt v. Helms*, 459 U.S. 460, 472 (1983), and *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989). Under those cases, a state statute or regulation creates a procedurally protected liberty interest if it sets forth "'substantive predicates' to govern official decision making" and also contains "explicitly mandatory language," i.e., a specific directive to the decisionmaker that mandates a particular outcome if the substantive predicates have been met. *Thompson*, 490 U.S. at 462-63 (quoting *Hewitt*, 459 U.S. at 472).

       If the alleged deprivation does not amount to punishment and there is no state statute or regulation from which the interest could arise, no procedural due process claim is stated and the claim should be dismissed. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976) (interests protected by due process arise from Due Process Clause itself or from laws of the states).

       Plaintiff is also informed that here is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *accord Wolff v. McDonnell*, 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions).

       Plaintiff states that she had no access to stationary from October 16, 2014, to November 8, 2014, her attempts to purchase items through the commissary were denied, her inmate appeals were not addressed, her due process rights were violated in discipline hearings, and there was no access to hair care services. Other than listing these grievances, plaintiff provides no specific information and identifies no individual defendants. Plaintiff's prior complaint was dismissed with leave to amend to cure these same deficiencies, but she has failed to provide additional information. She will be granted one final opportunity to amend. She must provide additional information regarding her claims and identify how individual named defendants violated her

rights. With respect to plaintiff's claim of a due process violation for a discipline hearing she must describe the reason for the hearing, her punishment, and how her due process rights were violated.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). She may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 29, 2015

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA JOY PERNA,<br>    Plaintiff,<br>    v.<br>SF COUNTY JAIL #2,<br>    Defendant. | Case No.  14-cv-05215-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Melissa Joy Perna
#1467851
c/o Prisoner Legal Services
555 Seventh Street, Rm 201
SF, CA 94103

Dated: July 29, 2015

Richard W. Wieking
Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

5